**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Shanon Arell TYLER, Defendant—**
**Appellant.**

No. 05-5073.

United States Court of Appeals,
Fourth Circuit.

Submitted: April 27, 2006.

Decided: May 1, 2006.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shanon Arell Tyler pled guilty to dealing in firearms without a license and making a false statement to a federally licensed firearms dealer, in violation 18 U.S.C. §§ 922(a)(1)(A), (a)(6) (2000), and was sentenced to twenty-seven months imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no meritorious grounds for appeal, but raising the issue of whether the sentence imposed by the district court was unreasonable. Although Tyler was informed of his right to file a pro se supplemental brief, he has not done so.

After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. *See United States v. Hughes*, 401 F.3d 540, 546 (4th Cir.2005). However, in determining a sentence post-*Booker*, sentencing courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). *Id.* If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. *United States v. Green*, 436 F.3d 449, 2006 WL 267217, at *5 (4th Cir. Feb.6, 2006) (No. 05-4270).

Tyler's sentence was both within the guideline range of twenty-four to thirty months, and well within the statutory maximum of ten years. *See* 18 U.S.C. § 924(a)(2) (2000). Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the

relevant § 3553(a) factors, we find the sentence reasonable.

In accordance with *Anders* we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*